IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA HAYNES                                                                                           PLAINTIFF
#7201

v.                                         Case No. 4:22-CV-01102-LPR

EDWARDS, Captain,
White County Detention Center, et al.                                                            DEFENDANTS

## ORDER

The Court withdraws the reference.

On November 14, 2022, Plaintiff Joshua Haynes and six other inmates in the White County Detention Facility ("WCDC") filed a single *pro se* Complaint pursuant to 42 U.S.C. § 1983 that was severed into seven separate lawsuits.[1] On December 30, 2022, United States Magistrate Judge J. Thomas Ray granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.[2]

However, prior to filing this lawsuit, Plaintiff had at least three cases dismissed for failing to state a claim upon which relief may be granted.[3] Based on Plaintiff's status as a "three-striker," he may not proceed *in forma pauperis* unless he can establish that, at the time he filed his Complaint, he was in imminent danger of serious physical injury.[4] In order to invoke this

---

[1] Compl. (Doc. 1).

[2] Mot. for Leave to Proceed *In Forma Pauperis* (Doc. 2); Order (Doc. 8).

[3] *Haynes v. White County Detention Center*, No. 4:15-CV-196-KGB, Order (Doc. 6) (E.D. Ark. Nov. 24, 2015); *Haynes v. Grimes*, No. 4:16-CV-853-BSM, Order (Doc. 15) (E.D. Ark. Feb. 17, 2017), *summarily aff'd*, No. 17-1500 (8th Cir. Mar. 7, 2017); *Haynes v. Edwards*, No. 4:16-CV-890-BRW, Order (Doc. 7) (E.D. Ark. Feb. 8, 2017), *summarily aff'd*, No. 17-1577 (8th Cir. July 25, 2017).

[4] 28 U.S.C. § 1915(g); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred" (citing *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998))).

exception, Plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."[5]

In his Complaint,[6] Amended Complaint,[7] and Second Amended Complaint,[8] Plaintiff asserts that, on October 3, 2022, a group of inmates in the WCDC assaulted an inmate named Michael Parker.[9] Plaintiff and another group of inmates were able to "defuse" the situation and "cease the violence."[10] Then, on January 4, 2023, Plaintiff was "put in the pod with some of the inmates that were involved with the [October 3, 2022] incident . . . ."[11] He further alleges that Defendant Captain Edwards and other WCDC officials "constantly harass[] [him] due to past civil litigation[] by holding searches, not allowing yard calls, denying [him] copies of [his] grievances, holding [his] mail, [and] delaying [his] mail."[12] These allegations fail to satisfy the imminent-danger exception.[13]

Accordingly, Plaintiff's *in forma pauperis* status is revoked and his Complaint will be dismissed without prejudice. If Plaintiff wishes to pursue this case, he may do so by filing a motion

---

[5] *Martin*, 319 F.3d at 1050.

[6] Compl. (Doc. 1).

[7] Am. Compl. (Doc. 3).

[8] Second Am. Compl. (Doc. 9).

[9] Compl. (Doc. 1) at 2; Second Am. Compl. (Doc. 9) at 4.

[10] Compl. (Doc. 1) at 2; Am. Compl. (Doc. 3) at 4.

[11] Second Am. Compl. (Doc. 9) at 4.

[12] Mot. for Preliminary Injunction and Temporary Restraining Order (Doc. 10) at 3.

[13] *See McGraw v. A Weekly*, 628 F. App'x 458, 460 (8th Cir. 2016) (unpublished per curiam) (three-striker attacked in a May 2014 incident failed to meet the imminent-danger exception where he made assertions of subsequent insults and one-time threats by "enemies" but "gave no indication that any inmate physically harmed him or attempted to do so after the May 2014 incident"); *cf. Ashley*, 147 F.3d at 717 (imminent-danger exception applied where prisoner alleged that officials continued to place him near his documented enemy who had stabbed him on two prior occasions).

to reopen, accompanied by the $402 filing and administrative fee,[14] within forty-five days of this Order.

 IT IS THEREFORE ORDERED THAT:

 1. Plaintiff's Complaint is DISMISSED without prejudice.

 2. All pending Motions are DENIED as moot.[15]

 3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

 IT IS SO ORDERED this 15th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[14] According to the Clerk of Court's records, the initial partial filing fee of $17.83 that was assessed by the Court on December 30, 2022 (Doc. 8) was never remitted, and no other installments have been received.

[15] Mot. for Preliminary Injunction and Temporary Restraining Order (Doc. 10); Mot. for Appointment of Counsel (Doc. 11); Mot. for Entry of Default (Doc. 13).